LEWIS ULRICH, ADMINISTRATOR, v. WILLIAM HOEFLING ET AL.

Decided March 14, 1900.

**Release of Surety—Compromise Under Order of Court.**

Where an order of the probate court authorized an administrator to compromise a suit brought on the bond of a former administrator upon payment of $3000, with a provision that he might release each or any one of the three sureties upon payment by the surety of $1000, and dismiss the action as to the one so paying, and he did severally release two of the sureties upon their paying $1000 each, this did not operate to release the other, although the receipts given did not express any reservation of the right of action against such other, since the order of court must be considered in connection with the receipts, and as being part thereof.

APPEAL from Bexar. Tried below before Hon. S. J. BROOKS.

*George R. Hines, Carlos Bee, Upson & Newton, Frank Creswell* and *Shook & Vander Hoeven,* for appellant.

*Bart J. De Witt* and *Clark, Ball & Fuller,* for appellees.

JAMES, CHIEF JUSTICE.—There appears to be no conflicting testimony in this case, and the decision is invoked in matters of law. As necessary to a decision of the question which we regard as decisive of the case, we state the following facts: William Hoefling was administrator with the will annexed of William Esser, and had as such, on November 25, 1896, in his hands, $5354.59, of which he afterwards paid out as administrator the sum of $1307.96, the court in its judgment rendering judgment against his estate (he having died pending this suit) in favor of his successor, on the basis of an indebtedness of $4046.63, as due on said date, November 25, 1896. The suit was against Hoefling and his sureties, viz., George Dullnig, A. Scholz, and Ed. Froboese. The last named being dead, the independent executrix of his will was sued. Pending the suit, the County Court of Bexar County, having jurisdiction of the estate of William Esser, made the following order:

"No. 1594, Estate of Wm. Esser, deceased. In the Probate Court of Bexar County, Texas.—Coming on this 22d day of July, 1889, to be heard the application of the administrator herein for authority to compromise with the sureties of William Hoefling, the former administrator, and it appearing to the court that the solvency of the said sureties is extremely doubtful, and that the proposition of compromise offered is fair and reasonable, and that to refuse to accept same and to prosecute the suit now pending against them would be extremely hazardous, it is therefore ordered, adjudged, and decreed by the court, and the administrator is hereby authorized and empowered to compromise the said suit pending against the said William Hoefling, A. Scholz, George Dullnig, and Ed. Froboese estate, in the forty-fifth district, for the sum of $3000;

and that the compromise may be made entirely, or the said administrator may compromise and release each or either of the said sureties upon their paying $1000, same being one-third of the said amount for which he is authorized to settle.

"Upon receipt of said sum of $1000 from any of the said sureties, the administrator may execute a receipt therefor, which receipt shall fully release and discharge said surety from further liability upon said bond, and said suit above referred to shall be dismissed as to such surety so paying said $1000.

"PETER JONAS,<br>"County Judge, Bexar County, Texas."

Acting under said order the administrator received from George Dullnig and A. Scholz each the sum of $1000, and gave each a release as follows:

"No. 1594, Estate of William Esser, Deceased; Administration pending in the County Court of Bexar County, Texas.—Whereas, in the above numbered and styled estate, William Hoefling was duly appointed and qualified as administrator thereof; and whereas, the said William Hoefling is now deceased, and his estate is insolvent; and whereas, in the County Court of Bexar County, the said William Hoefling was required, and did give an administrator's bond in the sum of ten thousand dollars, with Ed. Froboese, A. Scholz, and George Dullnig as his sureties thereon; and whereas, there is a shortage in the accounts of the said William Hoefling, deceased, with the estate of Wm. Esser, deceased, and suit has been brought thereon in the District Court of Bexar County, Texas, by Lewis Ulrich, administrator; and whereas, for good and sufficient reasons the County Court of Bexar County, in open court, at a regular term thereof on July 22, 1899, by decree entered on its minutes, did authorize and empower the said Lewis Ulrich, the administrator de bonis non of the estate of William Esser, deceased, to compromise all matters and things involved between the said estate and said William Hoefling's administrator's bond for the sum of three thousand dollars, or one thousand from each of said sureties; and whereas, George Dullnig, one of the said sureties, has this day paid unto me in cash in hand the sum of one thousand dollars: Now, therefore, I, Lewis Ulrich, administrator de bonis non of the estate of William Esser, deceased, by virtue of the authority in me vested, do hereby declare that I have received the said sum in full compromise settlement and payment, from the said George Dullnig, for any and all liability whatsoever now due or owing, or ever to become due or owing by him to the said estate by virtue of his signing said administrator's bond of William Hoefling as aforesaid. I hereby fully release him, the said George Dullnig, as surety on the administrator's bond of William Hoefling as aforesaid. In testimony of all which witness my hand, this July 22, 1899.

"LEWIS ULRICH, Administrator."

"State of Texas, County of Bexar.—Whereas, a suit pending in the District Court of Bexar County, styled Lewis Ulrich, Administrator, against William Hoefling et al., to recover against the heirs of William Hoefling, A. Scholz, George Dullnig, and the estate of Ed. Froboese an amount alleged to be due said administrator from William Hoefling, the previous administrator of the said estate; and, whereas, by an order entered in the honorable County Court of Bexar County on the 22d day of July, 1899, the said Lewis Ulrich, administrator was authorized to compromise and settle said suit for the sum of three thousand dollars, and release and discharge either one of the said sureties of the said William Hoefling from further liability on the administrator's bond upon payment to the said administrator of the sum of $1000. Therefore this is to certify that A. Scholz, one of the sureties upon the administrator's bond of the said William Hoefling, has this day paid to the undersigned, Lewis Ulrich, the sum of one thousand dollars, upon payment of which amount I, the undersigned, Louis Ulrich, and the undersigned heirs and legal representatives of William Esser, deceased, do hereby fully release and discharge said A. Scholz from any further liability upon said bond. Witness our hands this 22d day of July, 1899.

> "LEWIS ULRICH, Admr., etc.,
> "HENRIETTA BEATTY,
> "WM. ESSER,
> "FELIX ESSER,
> "LAURA BOURNE,
> "ED. BOURNE."

The said Dullnig and Scholz were thereupon dismissed from the suit, and it was prosecuted further against the estates of Hoefling and Froboese. The case was tried by the judge, who arrived at the conclusion that Dullnig and Scholz were cosureties with Ed. Froboese on a joint obligation, and the said releases in writing of the two first named sureties operated to release Froboese, and gave judgment against the estate of Hoefling, and in favor of the estate of Froboese.

The court erred in holding the estate of Froboese not liable. We think it unnecessary in this case to review the cases cited in the briefs. It seems to be conceded that a release of one surety is not a release of the other, if it affirmatively appears from the transaction that it was the intention not to release the other. Richardson v. Overleese, 17 Texas Civ. App., 380.

The instruments of release executed by the administrator contained no expression of a reservation of the cause of action against the others, and the theory of appellee must rest upon the contention that the releases as executed alone determine the question of fact whether or not the reservation was made or intended. This is manifestly wrong in its application here, because the releases by an administrator, in a compromise, standing alone, would be inoperative,—that is, if without an order

of the probate court to support them. The authority for the administrator to make any release of a surety was derived from the order; his act, if it in terms went beyond the order, would, in so far, be nugatory; and the courts could not by construction give it any effect beyond what the order authorized. It follows, then, that before giving it the effect it might have had if executed by an individual, we must refer to the order, to see from it if it was intended by the court to authorize a release of one surety in such manner as to thereby discharge others.

The release, in both instances, refers to the order of the County Court as the authority by which it was made. This, however, was not essential, as all persons are bound to know the law, which denies administrators the power to compromise without proper authority. The releases are to be taken and construed as if the order had been incorporated therein. The order does not authorize a release of any surety not paying the sum of one thousand dollars. It affirmatively appears from the order as the intention and direction of the court that the cause of action might be satisfied by the administrator being paid the sum of $3000; and in furtherance of such settlement he might receive from each of the three sureties the sum of $1000 and discharge *him*. This indicates that there was no intention by said order to authorize the administrator to receive that sum from one surety and thereby destroy the cause of action against the others. And any difference of opinion which might exist as to what has just been stated as the proper intent of said order is, we think, entirely removed by the concluding part of the order which authorizes the administrator to execute a receipt to each surety who pays *one thousand dollars*, which receipt it is declared should release said surety from further liability on the bond, and the suit should be dismissed *as to such surety*. This clearly shows that the effect of such receipt was to operate no further than to entitle such surety to be dismissed from the cause, and the intent and provision are plain that the cause was to proceed as to the others.

Upon this view, the judgment in favor of the estate of Froboese must be reversed, and the proper judgment here rendered; that is, for one-third of the indebtedness of Hoefling to the estate, as asked for in appellant's brief, and interest thereon from November 25, 1896, at 6 per cent per annum to the date of the judgment of the District Court and costs. The judgment against Hoefling's estate not being in question, will not be disturbed.

*Reversed and rendered.*

Writ of error refused.